**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JEREMY SUNDERLAND,

                              Plaintiff,

      -against-

SUFFOLK COUNTY, NEW YORK;
VINCENT F. DeMARCO, in his official
capacity; CHARLES EWALD, in his
official capacity; VINCENT T. GERACI;
DENNIS RUSSO; and THOMAS
TROIANO,

                             Defendants.
-----------------------------------------------------------X

**ORDER**

CV 13-4838 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

The Court has reviewed Plaintiff's letter motion seeking to compel individual defendants Vincent Geraci, Dennis Russo, and Thomas Troiano (collectively, the "Individual Defendants") to search for and produce certain documents from their personal computers and email accounts. DE 79. The Court has also reviewed the opposition to the motion submitted by the Individual Defendants, who are represented by Suffolk County ("the County"). DE 82.[1]

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against the County, against Vincent DeMarco and Charles Ewald in their official capacities, and against the Individual Defendants alleging violations of his constitutional rights guaranteed under the Eighth and Fourteenth Amendments based on the Defendants' deliberate indifference to her serious medical

---

[1] The Court points out that the font size used in the Individual Defendants' opposition was reduced, presumably to comply with the Court's three-page limitation on letter motions. Counsel for the Defendants is on notice that the Court will not accept any future submissions with a font size less than 12-point Times New Roman or the equivalent and will take further appropriate action.

needs. *See generally* Am. Compl. Plaintiff also brings a claim of municipal liability against the County pursuant to *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978), alleging, *inter alia*, that the County (1) maintained a custom or practice of "fail[ing] to provide transgender inmates with necessary medical treatment while incarcerated at SCCF," and (2) "failed to properly train medical staff at SCCF to provide medically and constitutionally necessary medical care to transgender inmates, including Plaintiff." Am. Compl. ¶¶ 55-56.

According to the Amended Complaint, Plaintiff is a transgender individual with gender dysphoria who was receiving medically-prescribed hormone therapy when she was incarcerated at Suffolk County Correctional Facility ("SCCF"). *Id.* ¶ 1. The Individual Defendants are physicians employed by the County who treated Plaintiff while she was an inmate at SCCF. *Id.* ¶¶ 11-13. Plaintiff alleges that, while she was incarcerated at SCCF, Defendants acted with deliberate indifference to her serious medical needs by denying her hormone therapy for his gender dysphoria. *Id.* ¶¶ 1, 47. Specifically, Plaintiff states that neither the County nor the Individual Defendants "ever provided or arranged for Plaintiff to receive any treatment, including hormone therapy, for Plaintiff's gender dysphoria during the 16 months that Plaintiff spent at SCCF." *Id.* ¶ 27. Rather, the Individual Defendants "were dismissive of Plaintiff's condition and did not make any real effort to continue Plaintiff's hormone therapy. Indeed, within months of Plaintiff's arrival at SCCF, the SCCF medical staff – including the Defendant physicians – affirmatively decided not to provide hormone therapy to Plaintiff, deeming it a 'non-essential' treatment." *Id.* ¶ 28.

Plaintiff further alleges with respect to the Individual Defendants that they "knew that Plaintiff had been diagnosed with gender dysphoria, but they refused to provide Plaintiff with

2

adequate medical treatment for this condition while Plaintiff was at SCCF." *Id.* ¶ 34. According to Plaintiff, Individual Defendants "did not consider Plaintiff's condition to be a serious medical condition requiring timely medical attention. To the contrary, they consistently treated Plaintiff's condition as frivolous and were content to let the next correctional facility deal with Plaintiff's medical needs." *Id.* ¶ 40.

On January 15, 2016, Plaintiff's counsel served document demands on Defendants which included the following requests directed to the Individual Defendants:

> <u>Request No. 4</u>: All documents and correspondence sent to, sent from, or created or possessed by the Individual Defendants concerning gender dysphoria, gender identity, transgender status, or sexual preference.
>
> <u>Request No. 5</u>: All documents and correspondence sent to, sent from, or created or possessed by any personnel involved in the medical care of inmates at Suffolk County Correctional Facility at any time between September 8, 2009 and January 3, 2014, relating to gender identity or sexual preference (including but not limited to any document containing any variation or the following terms: transgender, transsexual, trans, tranny, trannie, trannies, she-male, transvestite, queer, cross-dress, gay, lesbian, bisexual, homosexual, hermaphrodite, he-she, she-he, or any derogatory term to describe a person's gender identity or sexual preference.

*See* DE 79, Ex. A. After Plaintiff served these requests, the parties agreed on the search terms which would be used to search the emails and electronic documents of relevant custodians at SCCF, including the Individual Defendants. However, the parties continue to disagree as to whether the Individual Defendants are required to search their personal computers and emails.

As Plaintiff points out in his motion, the Individual Defendant have been sued in their individual capacities, not in their official capacities as medical personnel employed by the County. The fact that the County is representing the Individual Defendants in this litigation does

not mean that these defendants are excused from complying with their obligations as individual defendants to produce responsive, non-privileged documents and electronically stored information in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see* Fed. R. Civ. P. 26(a)(1)(ii), (b)(1).

The Court concludes that Plaintiff has the right to pursue emails and other correspondence the Individual Defendants may have created/saved on their personal computers or sent from their personal email accounts which reference Plaintiff or discuss issues related to gender dysphoria. This information falls within the broad scope of relevant discovery under Federal Rule of Civil Procedure 26(b) in light of Plaintiff's allegations against the Individual Defendants and her *Monell* claim against the County. *See Cooks v. Town of Southampton*, No. 13-3460, 2015 WL 1476672, at *8 (E.D.N.Y. Mar. 31, 2015) (compelling disclosure of information in a Section 1983 case on the grounds that it was "clearly relevant to Plaintiff's unlawful arrest claims as well as his *Monell* claims against the Town for failure to supervise and for ignoring police misconduct"); *see generally Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (stating that, after the December 2015 amendments to Rule 26, "relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense") (internal quotation marks omitted)*; AP Links, LLC v. Russ*, 299 F.R.D. 7, 11 (E.D.N.Y. 2014) ("'Relevance has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)) (citing

*Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad")).

Moreover, to the extent such documents exist on the Individual Defendants' personal computers, they may contain information going to bias or motivation which may show why a personal computer was used for such communications, including information which may support Plaintiff's claims of deliberate indifference against the Individual Defendants. *See Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998) ("Th[e] allegation of ulterior motives, if proven true, would show that the defendants had a culpable state of mind and that their choice of treatment was intentionally wrong and did not derive from sound medical judgment."); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (stating that to prevail on a deliberate indifference to medical needs claim, a plaintiff must show that the defendant acted with "a sufficiently culpable state of mind," equivalent to criminal recklessness).

The Court does not consider the requested discovery unduly intrusive or burdensome. The Court notes that Request No. 5 is limited to an approximate five-year time frame running from September 8, 2009 to January 3, 2014, which the Individual Defendants have not objected to in their opposition to Plaintiff's motion. It also appears that the parties have agreed upon the search terms to be used. Plaintiff's counsel makes clear that he is "not requesting that the Individual Defendants produce their computers for forensic inspection," DE 79 at 2 n.3 – nor will the Court require that a forensic inspection take place.

Pursuant to their obligations under Rule 26, the Individual Defendants must run the parties' agreed-upon search terms on the Individual Defendants' personal computers and through their personal email, and produce any responsive documents which fall within the September 8,

5

2009 to January 3, 2014 time frame. The Court reminds counsel for the Individual Defendants that she is obliged to supervise and oversee the search for and production of electronically stored information and documents from the Individual Defendants' computers and email accounts. Simply handing over the search terms to the Individual Defendants to run on their own is not sufficient. *See Greene v. Netsmart Technologies, Inc.*, No. CV 08-4971, 2011 WL 2225004, at *8 (E.D.N.Y. Feb. 28, 2011) *report and recommendation adopted*, 2011 WL 2193399 (E.D.N.Y. June 2, 2011) ("While, of course, it is true that counsel need not supervise every step of the document production process and may rely on their clients in some respects, counsel is responsible for coordinating her client's discovery efforts[,] both in terms of the client's duty to locate relevant information and the client's duty to preserve and timely produce that information.").

If the Individual Defendants take the position after the search is conducted that no responsive documents exist, they must provide Plaintiff's counsel with affidavits confirming that fact. To the extent the search reveals documents which the Individual Defendants contend are "private," *see* DE 82, Defendants' counsel is directed to submit those documents to the Court for *in camera* review, accompanied by a cover letter setting forth the asserted privilege for each document. The production made pursuant to this Order must be completed by July 7, 2016, and/or the affidavits must be provided by that date.

For the foregoing reasons, Plaintiff's motion to compel is GRANTED.

**SO ORDERED.**

Dated: Central Islip, New York
June 14, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge