**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JEREMY SUNDERLAND,

                    Plaintiff,

        - against -

SUFFOLK COUNTY, NEW YORK;
VINCENT F. DeMARCO, in his official
capacity; CHARLES EWALD, in his
official capacity; VINCENT T. GERACI;
DENNIS RUSSO; and THOMAS
TROIANO,

                    Defendants.
-----------------------------------------------------------X

**ORDER**

CV 13-4838 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff Jeremy (Jessica) Sunderland ("Plaintiff" or "Sunderland") brought this action pursuant to 42 U.S.C. § 1983 against Suffolk County, Suffolk County Sheriff Vincent F. DeMarco, Charles Ewald, Warden of the Suffolk County Correctional Facility ("SCCCF"), Vincent T. Geraci, a physician with the Suffolk County Department of Health Services ("SCDOH") and the Medical Director at SCCF, Dennis Russo, a physician with the SCDOH assigned to SCCF, and Thomas Troiano, a psychiatrist with the SCDOH also assigned to the SCCF (collectively, "Defendants"). *See generally* Amended Complaint ("Am. Compl.") [DE 58] ¶¶ 9-13. Plaintiff, a transgender individual with gender dysphoria, alleges that Defendants denied her hormone therapy and acted in a manner that was deliberately indifferent to her serious medical needs in violation of the Eighth and Fourteenth Amendments. *See generally* Am. Compl.

      Presently before the Court is Plaintiff's motion requesting, in light of this Court's September 29, 2017 Decision and Order [DE 112] denying Plaintiff's motion to compel [DE 95],

that the Court itself contact certain non-parties in lieu of Defendants producing the non-parties'
contact information directly to Plaintiff's counsel.  *See* Plaintiff's Motion for Discovery ("Pl's.
Mot.") [DE 113].  In the September 29, 2017 Decision and Order, the Court denied Plaintiff's
application to compel Defendants to produce unredacted versions of (1) two Notice of Claim
forms filed against Suffolk County and (2) medical records of 11 SCCF inmates who sought
treatment for gender dysphoria.  *See generally* DE 112 ("September 29, 2017 Decision and
Order").  The Court finds that the instant application, although filed as a "Motion for Discovery,"
is, in essence, a motion for reconsideration of the Court's prior Decision and Order.
Accordingly, the application will be treated as such.

In determining a motion for reconsideration, a court should consider: (1) whether there
has been "an intervening change of controlling law;" (2) whether there is new evidence presented
that was not previously available on the original motion; and (3) whether there is a "need to
correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v.
YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v.
Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted)).
This standard governs with equal force to motions to alter or amend judgment pursuant to
Federal Rule of Civil Procedure 59(e) and motions for reconsideration or reargument pursuant to
Local Civil Rule 6.3.  *See DirecTV, LLC v. Borbon*, No. 14 CV 3468, 2015 WL 7281636, at *1
(E.D.N.Y. Nov. 16, 2015) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372,
375 (S.D.N.Y. 2007)); *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256
(S.D.N.Y. 2017) (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 10 F. Supp. 3d
460, 475 (S.D.N.Y. 2014), *aff'd*, 822 F.3d 620 (2d Cir. 2016); *Arnold v. Geary*, 981 F.Supp.2d
266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 Fed. App'x. 42 (2d Cir. 2014)) ("The Court will

consider case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical.").

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (quotation marks omitted). Further, "[a] party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted)) (internal quotation marks omitted), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016)); *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) (citing *Analytical Surveys, Inc.*, 684 F.3d at 52).

"Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Sigmon*, 229 F. Supp. 3d at 257 (quoting *Anwar v. Fairfield Greenwich Ltd.*, 164 F.Supp.3d 558, 560 (S.D.N.Y. 2016) (internal quotation marks omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999); *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115, 111 S. Ct. 2173, 115 L. Ed. 2d 109 (1991)); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (citing *Kapsis v.*

*Bloom*, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009)).  With these principles in mind, the Court turns to the instant motion.

Plaintiff's counsel focuses on the portion of the September 29, 2017 Decision and Order addressing Plaintiff's position that (1) the information concerning other transgender inmates who also sought but were denied hormone therapy would support an inference of a policy or custom to deny medical care to those inmates and that (2) the information would also "support Plaintiff's claim for deliberate indifference to medical needs, particularly the *mens rea* component of the analysis."  Pls. Mot. at 1 (quoting DE 112 at 7).  Notwithstanding the fact that the Court denied Plaintiff's motion to compel production of the unredacted versions of the records at issue, Plaintiff's counsel seeks to circumvent the import of that decision by providing the Court with a protocol to obtain the information it was seeking by having the *Court* obtain the information -- which it has already ruled Plaintiff is not entitled to receive.   The attempt to use the Court's Decision and Order as a springboard to eligibility for further relief is ineffective.  Hence, Plaintiff's "new" motion is not new at all.  Moreover, the construct which Plaintiff urges the Court to adopt is one that the Plaintiff could have raised in her original motion since Plaintiff had the information it needed to do so at that time.

Plaintiff has failed to identify "an intervening change of controlling law;" new evidence, or a "need to correct a clear error or prevent manifest injustice," as is required in order for the Court to grant her motion.  Instead, Plaintiff's application merely sets forth a claim for new relief, one that could have been presented, as noted, in her prior motion compel but was not.  Such an approach is not to be entertained in the context of a motion for reconsideration.  *Cooke v. Deschaine*, No. 3:16-CV-138, 2017 WL 1628400, at *3 (D. Conn. Apr. 28, 2017) (citing *Analytical Surveys, Inc.*, 684 F.3d at 52), *as amended* (July 13, 2012) ("A motion for

reconsideration is not to be used to assert new claims for relief or new arguments that could have been asserted previously."). Moreover, the discovery deadline in this case expired on June 25, 2017. DE 98. Therefore, even if the Court construed the motion as a motion to re-open discovery, the application would still be denied as untimely since Plaintiff has failed to establish "good cause" for the requested information -- a showing that is required once the deadline for completion of discovery has passed. *See Young v. Sw. Airlines Co.*, No. 14 CV 1940, 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016) (quoting *Jacobs v. New York City Dep't of Educ.*, No. 11-CV-5058, 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015) (citing *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV-776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008); *Fed. Ins. Co. v. Mertz*, No. 12-CV-1597, 2015 WL 5769945, at *7 (S.D.N.Y. Sept. 29, 2015)).

In support of her position, Plaintiff points to *McEvoy v. Hillsborough County*, No. 09-CV-431, 2011 WL 1813014, at *1 (D.N.H. May 5, 2011), a case which this Court relied upon in part when rendering its September 29, 2017 Decision and Order. Pl's. Mot. at 2. The plaintiff in *McEvoy* sought "the identity of and records relating to any and all inmates who underwent detoxification at the jail during the year prior to [McEvoy's] death." *Id*. at *2. The court directed that the requested information be produced but that the records be redacted to remove the non-parties' personal identifying information. *Id*. *4-*5. The court further provided that if, after reviewing the redacted records, the plaintiffs were still seeking disclosure of the identifying information, they "will have to demonstrate, with particularity, as to each inmate individually about whom identifying information is sought, that plaintiffs *need* information that is not contained within the redacted record and that could reasonably be expected to be obtained by identifying the individual associated with the record." *Id*. at *9 (citing *United States v. Polan*, 970 F.2d 1280, 1285 (3d Cir. 1992), *aff'd*, 37 F.3d 1490 (3d Cir. 1994)) (emphasis in original).

Plaintiff argues in her motion that she can satisfy this standard. Pl's. Mot. at 2. In this regard, Plaintiff anticipates that the designated inmates will speak to their interactions with the medical staff at the Suffolk County Correctional Facility ("SCCF") and whether the SCCF staff was receptive to the inmates' need for hormone treatment therapy. *Id*. Among other things, this argument presumes that the designated inmates would actually agree to provide such information. More significantly, by virtue of Plaintiff's own summaries of the information set forth in each inmate's medical records, as that information pertains to Plaintiffs' claims, the Court finds that Plaintiff cannot demonstrate, under *McEvoy*, that the information sought is not already in Plaintiff's possession. *See id*. 2-3. According to Plaintiff, the medical records set forth communications between the inmate and SCCF's medical staff as well as the extent to which the inmate was denied hormone therapy treatment. *See id*. An independent review of the medical records reveals that they do indeed include medical staff notes regarding medications. Some records actually set forth communications between inmates and medical staff regarding the inmates' transgender status. *See* Medical Records annexed to Pl's. Mot. as Exs. 1-5. In view of these facts, the Court finds that Plaintiff's asserted need for the inmates' identifying information is motivated by a "general desire" to interview those inmates – an insufficient basis to justify disclosure. *See McEvoy*, 2011 WL 1813014, at *9.

In addition to *McEvoy*, Plaintiff brings to the Court's attention *Daniels v. City of New York*, No. 99 CIV 1695, 2001 WL 228091 (S.D.N.Y. Mar. 8, 2001) and *Fountain v. City of New York*, No. 03 CIV 7790, 2004 WL 1474695 (S.D.N.Y. March 7, 2001). By way of background, the plaintiff in *Daniels* sought identifying information for all civilians contained within a database of individuals stopped by officers of the Street Crime Unit – often referred to as the "stop and frisk" policy. *Daniels*, 2001 WL 228091, at *1 n.1. The plaintiffs sought this

information for the purpose of "soliciting witnesses and class members." *Id*. at *1. The defendants opposed the request, citing New York state statutes that required such information to be sealed. *Id*. at *2. Weighing the plaintiff's need for the identifying information against the privacy concerns of those listed in the database, the court concluded that the plaintiff was entitled to the information sought. *Id*. The court further provided that with regard to those who had actually been arrested and to juveniles, "the initial contact with these groups must be made by a magistrate judge. Only after the individuals in these groups express a willingness to speak with plaintiffs' counsel can the magistrate judge release their contact information." *Id*.

The plaintiff in *Fountain v. City of New York*, No. 03 CIV 7790, 2004 WL 1474695, at *1 (S.D.N.Y. June 30, 2004) sought the identifying information of individuals who were arrested at the same political demonstration protesting the United States' invasion of Iraq where the plaintiff had been arrested. The court directed the defendants to disclose to the plaintiffs and the court "any use they may make or have already made in this litigation of the information contained in the police, court, or district attorney records of the non-party arrestees that have been withheld from plaintiffs on the grounds that they are sealed pursuant to § 160.50." *Id*. at *7. The court further held that if the plaintiffs believed they would be unfairly disadvantaged without the names of the non-party arrestees, "they may propose a procedure by which the Court could determine whether any of the arrestees wish to be involved in the litigation." *Id*.

Both *Daniels* and *Fountain* are distinguishable in a number of respects from the instant case. Those cases involved arrest records, not the type of sensitive medical information at issue here. Moreover, the plaintiffs in *Daniels* argued that they required the identifying information since the documents already in their possession did not address whether the stops were legal. *Daniels*, 2001 WL 228091, at *1. Here, the information relevant to Plaintiff's claims is already

7

set forth in the medical records which are in Plaintiffs' possession. *Daniels* also involved a class action and plaintiffs argued that obtaining the identifying information would allow counsel to advocate on behalf of the class as a whole and not just on behalf of the named plaintiffs. *Id*. at *2. That is not the case here. As to the *Fountain* case, it is worth noting that although the court held that at some future date the plaintiff could propose a procedure to uncover the arrestees' identifying information, at the time the opinion was issued, the plaintiffs had "not yet shown that their need for the information outweigh[ed] 'the administrative burden on the City, and (*more importantly*) [the] burden on the privacy interest of the…non-parties.'" *Id*. (quoting *Bryant v. City of New York*, No. 99 CIV 11237, 2000 WL 1877082, at *4 (S.D.N.Y. Dec. 27, 2000)) (emphasis added).

The court in *Bryant v. City of New York*, No. 99-11237, 2000 WL 1877082 (S.D.N.Y. Dec. 27, 2000) contemplated a procedure similar to the one suggested in *Daniels* and *Fountain*. There, the court initially explained that it might write to the 107 co-arrestees and inquire into whether they would be interested in participating in the litigation. Ultimately, the court declined to do so on the grounds that the plaintiffs did not demonstrate a "pressing need for the testimony from such persons." *Id*. at *2.

Here, the Court finds that Plaintiff has failed to identify "an intervening change of controlling law;" new evidence, or a "need to correct a clear error or prevent manifest injustice," which is required in order to grant Plaintiff's motion for reconsideration. Moreover, Plaintiff has not demonstrated a need for the inmates' identifying information which outweighs the privacy interests of those inmates. Consequently, Plaintiff's motion for reconsideration is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
September 17, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge